# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN K. STEPHENS,

        Petitioner,    :    Case No. 3:19-cv-249

 - vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

    :
        Respondent.

## ORDER FOR ADDITIONAL BRIEFING

    This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus brought by Petitioner John Stephens with the assistance of counsel.  The case is referred to the undersigned pursuant to General Order Day 13-01.

    Upon initial review of the parties' filings, the Magistrate Judge notes that Petitioner attached to his Petition a significant number of documents from Stephens' prior case, Montgomery County Common Pleas Case 2013 CR 03550 (ECF No. 1, PageID 39-254.  Then, just prior to filing his Reply, Stephens filed under seal what he has labeled as a Supplemental State Court Record which purport to be exhibits as the Common Pleas Court's motion to suppress hearing in this case (ECF No. 19, PageID 807-927).

    In his Reply, Stephens argues at length that he has overcome the findings of fact by the Second District Court of Appeals in this case by clear and convincing evidence as required by 28 U.S.C. § 2254(e)(1).  In determining whether that is the case or whether the Second District's

1

decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," this Court is limited to the record that was before the Second District on direct appeal. *Cullen v. Pinholster*, 563 U.S. 170 (2011). The limitations in *Pinholster* apply to expansion of the record as well as to evidentiary hearings. *Moore v. Mitchell*, 708 F.3d 760, 780-784 (6th Cir. 2013). *Moore* also holds this restriction applies even if the record is expanded on joint motion and agreement to such a motion does not waive the State's objection under *Pinholster*.

Accordingly, it is hereby ORDERED that Petitioner's counsel file proof not later than June 22, 2020, of which documents he has filed in this case were part of the appellate record before the Second District when it decided this case. Counsel for both parties must consult to determine if they can agree on that question. If Respondent's counsel does not agree with Petitioner's counsel on that question, she must seek a deadline from the Court for responding to Petitioner's proof. N.B. the Court is not asking for a stipulation that any additional documents may be considered, but a stipulation as to the content of the appellate record would be helpful.

June 5, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge