# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN K. STEPHENS,

        Petitioner,   :   Case No. 3:19-cv-249

  - vs -                     District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                                    :
        Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 30) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition ("Report," ECF No. 27). The Warden has timely responded to the Objections (Response, ECF No. 31).

When the state courts in a criminal case decide a constitutional claim on the merits, a federal habeas court must defer to that decision unless it is (1) contrary to or an objectively unreasonable application of clearly established Supreme Court precedent or (2) is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1) and (2).

In this case, Petitioner claims the decision of the Second District Court of Appeals affirming his conviction fails both branches of § 2254(d). As required by Fed.R.Civ.P. 72(b), the

Court has considered *de novo* the portions of the Report to which Petitioner has objected and rules on those Objections in this Decision.

**Factual Determinations**

       **The "Road to Freedom" Workbook**

As the Report noted and the Objections repeat, Petitioner "strongly contests" the factual basis of the Second District's decision which is reported at *State v. Stephens,* 2017-Ohio-9230 (Ohio App. 2nd Dist. Dec. 22, 2017), appellate jurisdiction declined, 2018-Ohio-1990 (2018).  To overcome state court findings of fact, a habeas petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  He must do so on the basis of the evidence before the state courts.  *Cullen v. Pinholster*, 563 U.S. 170 (2011).

In deciding that Petitioner's disclosures to his treatment providers at Talbert House of additional sexual offenses against minors were voluntary rather than coerced, both the trial court, in denying the motion to suppress, and the Second District relied on the oral testimony of one of those providers and of Stephens about what he was told and what he understood his obligation to disclose to be.

In contrast, in his briefing in this case, Stephens claimed instead that the obligation to disclose was imposed by the "Road to Freedom Workbook," a resource furnished by Talbert House.  Stephens quotes the Workbook for a full six pages in his Traverse (ECF No. 20, PageID 933-38).  The Report, however, found that Stephens had not testified in the Motion to Suppress hearing about any reliance on the Workbook (ECF No. 27, PageID 986) and the Objections do not purport tpo refute that finding, as the Warden's Response notes (ECF No. 31, PageID 1025).  Furthermore in his

briefing on appeal Stephens did not cite either the Workbook or any testimony he had given about his understanding of it (Report, ECF No. 27, PageID 986).  Based on that state of the record, the Report found it was completely reasonable for the Second District to rely on the oral testimony.

In *Baldwin v. Reese*, 541 U.S. 27 (2004), the Supreme Court held a state prisoner does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim.  By analogy the Magistrate Judge argued it did not provide due deference to the Second District's factual determination to rely so heavily on evidence – the Road to Freedom Workbook – which was not argued to them.

The Objections accuse the Report of overextending *Baldwin* to hold Stephens did not "fairly present" his claim to the Second District, but that is not what the Report holds, although the Response argues that would have been an appropriate holding (ECF No. 31, PageID 1025).  Instead, the Magistrate Judge concluded the Second District's factual determination was appropriately based on reviewing the oral testimony at the suppression hearing, rather than turning to a text about which there was almost no testimony.  The Report simply does not conclude that Stephens has procedurally defaulted any of his claims by not "fairly presenting" them to the Ohio courts.

**Voluntariness of Sex Offender Treatment at Talbert House**

As part of its decision that Stephens was not coerced into disclosing at Talbert House the additional offenses for which he was prosecuted here, the Second District found that, although Talbert House is a lock-down facility and Stephens was not free to leave, he was not required to participate in group sessions or turn in the index cards and journal that made the disclosure. *Stephens*, 2017-Ohio-9230, ¶ 25).  To attempt to rebut that finding by clear and convincing evidence, Stephens cited numerous documents from his first sex offense case, *State v. Stephens*, Case No. 2013-CR-03550, in which he had pleaded guilty to gross sexual imposition on a minor under thirteen.

3

Stephens had attached those documents to his Petition. However, on inquiry from the Magistrate Judge, Stephens stipulated those documents were not part of the appellate record before the Second District in this case (Report, ECF No. 27, PageID 989, citing Stipulation, ECF No. 26-1). The Report held Stephens could not show the Second District was wrong by relying on evidence not before it. *Id.*

The Objections do not dispute that conclusion. Instead they assert the Second District was wrong in concluding Stephens did not face additional prison time if he did not complete the Talbert House program by pointing to Ohio statute law instead of the facts of the prior case (Objections, ECF No. 30, PageID 1014-16, citing Ohio Revised Code § 2929.20(K); *State v. Patierno*, 2009-Ohio-410 (Ohio App. 3d Dist., Feb. 2, 2009); and *State v. Mitchell*, 2007-Ohio-6343 (Ohio App. 5th Dist., Nov. 29, 2007). In other words, Stephens now objects that the Second District made a mistake of how Ohio law would apply to Stephens and not a mistake of fact.

What the Second District concluded was that Stephens' failure to participate in the treatment program "would not increase his original sentence." *Stephens*, 2017-Ohio-9230, ¶ 25. The Second District clearly understood that successful completion of the program was a condition of the judicial release he had received on his first sex offense conviction and therefore not satisfying that condition could result in his returning to prison to complete his original sentence, but it would not increase that sentence.

Stephens now argues that he was coerced because his failure to complete the program would result in his return to prison which he says is just as coercive as a new prison term (Objections, ECF No. 30, PageID 1016: "The tangible and palpable fear of any prison sentence, whether new or a reimposition, should and does apply in the same manner.") However, he cites no authority for that proposition. The Second District found as a matter of fact that Stephens was not coerced into disclosing the offenses for which he was convicted in this case:

4

> Significantly, Peterson testified that although Stephens was expected to provide information regarding his underlying conviction, he was neither expected nor encouraged to provide any information regarding previously undisclosed offenses. Peterson did not directly or indirectly ask Stephens to provide information with respect to uncharged offenses in the exercise with the index cards or the personal journal he created. Stephens was not coerced into participation in the index card and journal exercise at Talbert House, and what he wanted to disclose during the treatment sessions was entirely at his discretion.

*Stephens*, 2017-Ohio-9230, ¶ 25. While Stephens claimed on appeal that he made these disclosures out of fear he would be sent back to prison if he did not do so, the record is devoid of any proof that it was the practice of Talbert House to seek revocation of a community control sentence for failure to make these kinds of disclosures. As the Report details, Stephens had been called to answer a prior failure to complete sex offender treatment, but it was not for failure to make these kinds of disclosures, but for failure to accept responsibility for the first sexual offense (Report, ECF No. 27, PageID 989).

Stephens has not rebutted the Second District's conclusion that his disclosures were voluntary by clear and convincing evidence. That conclusion is therefore entitled to deference under 28 U.S.C. § 2254(d)(2).

**Talbert House Employees as Agents of Law Enforcement**

The Second District found that in reporting Stephens' previously undisclosed sexual offenses against minors, the Talbert House employees were not acting as agents of law enforcement, but were complying with their duty as mandatory reporters of child sexual abuse. Stephens, 2017-Ohio-9230, ¶ 28. Stephens objects "there is no conceivable way that Stephen's treatment providers were not acting at the behest of law enforcement." (Objections, ECF No. 30,

5

PageID 1020).

By Stephens' logic, any mandatory reporter of child sexual abuse would be a law enforcement agent. Stephens provides no authority for that proposition.

**Conclusion**

Having reviewed the Report *de novo*, the Court finds Petitioner has not overcome the presumption of correctness of the Second District's findings by clear and convincing evidence. The Report's conclusion to that effect is neither clearly erroneous nor contrary to law. Nor do the Objections demonstrate that the Second District's conclusions of law are an objectively unreasonable application of clearly established Supreme Court precedent.

Accordingly, the Objections are OVERRULED and the Report is adopted. The Clerk will enter judgment dismissing the Petition with prejudice. Because Petitioner had not shown reasonable jurists would disagree with this conclusion, Petitioner is denied a certificate of appealability.

September 24, 2020                                                         *s/Thomas M. Rose

                                                                    _____
                                                                    Thomas M. Rose
                                                                    United States District Judge